# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-289V

Filed: October 26, 2016

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JESSICA L LAUGHLIN, | * | **UNPUBLISHED** |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 25, 2013, Jessica L. Laughlin ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of human papillomavirus ("HPV") vaccines on June 11, 2007, August 13, 2007, and December 18, 2007 caused her to develop premature ovarian failure. Petition at Preamble, filed Apr. 25, 2013. On May 9, 2016, a decision dismissing this case was issued, as the claim was time-barred by the Act's statute of limitations.

On October 13, 2016, Petitioner filed an application for attorneys' fees and costs.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

Petitioner requested compensation in the amount of $36,947.64 for attorneys' fees and costs, expert witness fees, and costs personally incurred by Petitioner in the amount of $400.00. Petitioner's Application at 4, filed Oct. 13, 2016. Dr. Felice Gersh billed $11,825.00 to provide an opinion in this matter. *Id.* Respondent filed a response to Petitioner's request on October 25, 2016, stating that based on a survey of fee awards in similar cases and in her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in this case would fall between $19,000.00 and $28,000.00. Response at 1, filed Oct. 25, 2016. However, Respondent provided no basis or explanation for how she arrived at this proposed range.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable. Respondent has given the undersigned no reason to believe that Petitioner's request is unreasonable and should fall within her recommended range. **Accordingly, the undersigned hereby awards the amount of $36,547.64, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mark L. Krueger, of Krueger & Hernandez, S.C. for attorneys' fees and costs, as well as costs for Dr. Felice Gersh; and awards the amount of $400.00, in the form of a check payable to Petitioner only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).